IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DEWAYNE AND NELDA ARCHER**                                                      **PLAINTIFFS**

VS.                                    **CASE NO. 4:06CV01657 JMM**

**RAGHU SINGH, M.D., ET AL**                                                      **DEFENDANTS**

**ORDER**

Pending before the Court are plaintiffs' Motion to Remand and Motion For Clarification of Court's Order of March 29, 2007, Motion For Leave To Depose Defendants, and Motion For Extension of Time to Comply With Same (#30). For the reasons stated below, the Motion to Remand is denied and the Motion for Clarification is dismissed as moot.

On March 28, 2007, the Court issued an Order holding in abeyance plaintiffs' Motion to Remand and giving plaintiffs an additional 45 days to serve new defendants.[1] Plaintiffs seek clarification of this Order and permission to depose Raghu Singh M.D. ("Dr. Singh") in order to decide if plaintiffs should add other defendants to this lawsuit.

I. *Motion to Remand*

Plaintiffs filed this action on June 22, 2206 in the Circuit Court of Pulaski County, Arkansas. With permission by the state court, service on defendant Raghu Singh, M.D. ("Dr. Singh") was accomplished by publishing a Warning Order pursuant to Arkansas Rule of Civil Procedure 4(f) on September 8 and 15, 2006. Dr. Singh's counsel filed a Motion to Dismiss

---

[1]After reviewing the Motion to Remand and the Motion for Clarification, the Court finds that there is no longer any need to hold the Motion to Remand in abeyance.

contending that plaintiffs were in possession of Dr. Singh's physical residence address at the time of Warning Order.  Plaintiffs subsequently obtained an extension of time to serve Dr. Singh and eventually served him on November 9, 2006.  On December 8, 2006 Dr. Singh removed this cause of action to federal court based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

Plaintiff's seek remand back to state court contending that the notice of removal is untimely filed based upon the constructive service accomplished by Warning Order on September 8 and 15, 2006.  Defendant responds that constructive service does not begin the running of the thirty day time limit for removal.  *See* 28 U.S.C. § 1446(b) (30 day time limit to filed notice of removal from date of service of complaint).

Plaintiff's service by Warning Order is set aside.  The record reflects that at the time of the service by Warning Order, plaintiff had the correct address of defendant.  This being the case, the whereabouts of defendant was not unknown and Arkansas Rule of Civil Procedure 4(f) would not apply.  The Court also finds that Dr. Singh did not refuse service on September 21, 2006.

Based upon a service date of  November 9, 2006, the notice of removal was timely filed and the motion to remand is denied (#15).

II. *Motion For Clarification of Court's Order of March 29, 2007, Motion For Leave To Depose Defendants, and Motion For Extension of Time to Comply With Same*

Based upon the Court's ruling on the motion to remand, the abeyance of the Rule 26(f) conference is lifted.  The date of the Rule 26(f) conference and other relevant deadlines will be set by an amended initial scheduling order.

The deposition of Dr. Singh may proceed after the parties have met the requirements of Rule 26(f) with its accompanying schedules as set forth in the amended initial scheduling order. Plaintiffs will be given 45 days from the date of deposition of Dr. Singh to add any new defendants. This results in plaintiffs' motion for clarification being dismissed as moot (#30).

IT IS SO ORDERED THIS   14   day of   June  , 2007.

`

_____
James M. Moody
United States District Court