IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DWAYNE AND NELDA ARCHER                                                PLAINTIFFS

V.                              NO. 4:06-CV-01657 JMM

RAGHU SINGH, M.D.; UNITED STATES OF AMERICA
(USA); JOHN DOES 1-50; JOHN DOES A-Z; JOHN DOES
51-69; JOHN DOES 70-100; JOHN DOES 101-130;
WEATHERBY LOCUMS, INC.; CMS CAPITAL VENTURES,
INC.; COMPHEALTH ASSOCIATES, INC.; COMPHEALTH,
INC.; CHG COMPANIES, INC.; CHG COMPANIES, INC.
d/b/a COMPHEALTH GROUP, INC.; CHG COMPANIES,
INC. d/b/a COMPHEALTH; COMPHEALTH GROUP, INC.;
WEATHERBY ASSOCIATES, INC.; WEATHERBY
HEALTHCARE; and JOHN DOES 131-150, et al.                              DEFENDANTS

## STIPULATED PROTECTIVE ORDER

Pursuant to the agreement of the parties regarding the need for a protective order governing the production of certain documents in this matter, the Court makes the following findings and orders:

1.    Any documents or information furnished by a party, which might be considered confidential, and therefore subject to this Order, shall be designated as "Confidential" and shall be subject to this Order regarding disclosure. The information and documents and the contents of such documents shall not be disclosed or communicated to any person other than those persons identified in this Order as persons who will have access to such documents, after agreement by any such person to abide by this Order.

2.    The parties shall not, without the consent of the party producing such information or further Order of this Court made after notice given to all parties, disclose any

765734-v1

confidential information to any person except that such information may be disclosed to attorneys of record for parties in this case, including attorneys employed by the parties, members of their staffs working with them on this case, parties and officers and employees of the parties and expert witnesses and consultants retained by the parties in connection with this proceeding, to the extent counsel deems such disclosure to be necessary for the investigation, preparation, or trial of this case – provided, however, that counsel for the party making such disclosure first shall have obtained the written agreement of any such person to whom disclosure is made to be bound by the terms of this Order and understands its provisions. Any person making such written agreement is known as a "Qualified Person." The parties shall maintain copies of such written agreements.

3.   If any motion, affidavit, brief or other document submitted to the Court contains any confidential information developed, revealed by or included within any discovery proceedings, formal or informal, whether in the form of depositions, transcripts, interrogatory answers, documentary production or otherwise, such document shall be subject to this Order, shall be filed with the Clerk under seal, and shall be identified as being subject to the Order of this Court and not to be opened except by Order of this Court.

4.   Whenever a deposition taken on behalf of any party involves a disclosure of confidential information, such deposition or portions thereof shall be designated as containing confidential information subject to the provisions of this Order either on the record or by written notice delivered to all parties no later than 14 days after the delivery of the transcript by the court reporter. Prior to expiration of such period, information which reasonably may be anticipated to be designated as confidential information shall be deemed to be such. Any court

reporter may become a Qualified Person as necessary or appropriate by agreeing to be bound by this Order in the same manner as above set forth.

5. Persons receiving confidential information, whether written or oral, shall hold such information in confidence and not disclose it either orally or in writing during the pendency of this case or thereafter except with the written agreement of the party who designated it as confidential information or pursuant to Order of this Court.

6. All documents and information produced, which are not released from this Order, shall be returned to the producing party at the conclusion of this case and no copies of the same shall be retained by any Qualified Person.

7. This Order is subject to the further Orders of this Court, including applications by a party prior to trial regarding the release from confidentiality of any documents or information, which the party proposes to offer into evidence at the trial of this matter.

IT IS SO ORDERED.

Signed this __3__ day of ____July____, 2008.

_____
Honorable James M. Moody

APPROVED AS TO FORM:

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: dglover@wlj.com

By: _____
    David P. Glover (99148)
    Attorneys for Weatherby Locums, Inc.,
    CMS Capital Ventures, Inc., CompHealth
    Associates, Inc., CompHealth, Inc.,
    CHG Companies, Inc., CHG Companies, Inc.
    d/b/a CompHealth Group, Inc., CHG Companies, Inc.
    d/b/a Comphealth, CompHealth Group, Inc.,
    Weatherby Associates, Inc., and Weatherby Healthcare

BOYD LAW FIRM
P.O. Box 3494
Little Rock, Arkansas 72203-3494
(501) 372-0770
FAX: (501) 372-1807
E-MAIL: boydlaw_firm@yahoo.com

By: _____
    Charles Phillip Boyd, Jr. (82023)
    Attorneys for Plaintiffs