IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DEWAYNE AND NELDA ARCHER**                                                   **PLAINTIFFS**

**V.**                           **4:06CV001657 JMM**

**RAGHU SINGH, M.D.; AND**
**UNITED STATES OF AMERICA, et al**                               **DEFENDANTS**

## ORDER DENYING MOTION TO DISMISS

Pending is the Motion to Dismiss of Separate Defendants Weatherby Locums, Inc., CMS Capital Ventures, Inc., CompHealth Associates, Inc., CompHealth, Inc., CHG Companies, Inc., CHG Companies, Inc. d/b/a CompHealth Group, Inc., CHG Companies, Inc. d/b/a CompHealth, CompHealth Group, Inc., Weatherby Associates, Inc., and Weatherby Healthcare (the "Separate Defendants"). Plaintiffs have responded to the motion. The issues have been fully briefed by the parties. For the reasons set forth below, the Motion to Dismiss is DENIED.

Plaintiffs filed suit against Defendant Raghu Singh, M.D., John L. McClellan Veterans Hospital, Priya Kumar, M.D., and Susan Tate on June 22, 2006 in Pulaski County Circuit Court for claims arising from the treatment of Dwayne Archer at McClellan Veterans Hospital on June 23-24, 2004. In the original Complaint, Plaintiffs also included John Does 1-130 and John Does A-Z as defendants in the case. On October 19, 2006, Plaintiffs voluntarily dismissed all of the named defendants from the case except Dr. Raghu Singh.

On December 8, 2006, Defendant Singh removed the case to this Court pursuant to 28 U.S.C. § 1441(b). At that time, the Court had diversity jurisdiction over the matter because Plaintiff was a resident of Arkansas and Dr. Singh was a resident of Michigan. After several extensions, reassignments, and a consolidation of the case, the Court granted Plaintiffs' Motion to Amend the Complaint and add defendants. On April 8, 2008, Plaintiffs' filed their Amended

Complaint adding the Separate Defendants. Plaintiffs asked the Court to exercise supplemental jurisdiction over the additional causes of action pursuant to 28 U.S.C. § 1367.

Separate Defendants argue in their Motion to Dismiss that the Plaintiffs' Amended Complaint against them should be dismissed because the claims are barred by the statute of limitations. Specifically, the Separate Defendants contend that the limitations period for Plaintiffs' medical injury and tort claims expired June 24, 2007. Therefore, Plaintiffs' Amended Complaint which added claims against the Separate Defendants on April 8, 2008 was untimely. Further, Separate Defendants argue that the Amended Complaint cannot relate back to the original Complaint for two reasons: (1) the John Doe statute, Ark. Code Ann. § 16-56-125, does not apply because the Plaintiffs were able to know the identity of the Separate Defendants prior to the expiration of the statute of limitations; and 2) Plaintiffs cannot satisfy the requirements of Rule 15 because Plaintiffs' naming of John Does was not a "mistake" as required by Rule 15(C)(ii).[1]

Plaintiffs cite the Court to *Jones v. Young*, No. 3:04CV00257 JLH (E.D. Ark. filed July

---

[1] Rule 15(c)(1) of the Federal Rules of Civil Procedure provides, in pertinent part:

An amendment to a pleading relates back to the date of the original pleading when:
(A) the law that provides the applicable statute of limitations allows relation back;
(B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out- or attempted to be set out- in the original pleading; or
(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment;
    (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
    (ii) knew or should have known that the action would have been brought against it, *but for a mistake concerning the proper party's identity*.

Fed. R. Civ. P. 15(c)(1)(emphasis added).

21, 2004).  In that case, Judge Holmes dealt with the same statute of limitations issues.  The plaintiffs in *Jones* filed suit against three physicians, Otolaryngology & Facial Surgery Centre of Northeast Arkansas, Associated Radiologists, Ltd., St. Bernards Healthcare and John Does 1-10 for medical negligence and torts arising from events which occurred on July 22-23, 2002.  After the expiration of the statute of limitations for these actions, plaintiffs sought to add the insurers who provide liability coverage to St. Bernard's Healthcare, St. Paul Fire & Marine Insurance Company and St. Paul Medical Liability Insurance Company, as defendants (the "Insurers") .  The Insurers argued that the statute of limitations had run on any claim made against them and that the amended complaint could not relate back to the original complaint based upon the failure to comply with Rule 15(C).  Judge Holmes disagreed.

> Here, there is no doubt that, within the period provided by Rule 4(m) for service of the summons and complaint, St. Bernards Healthcare's liability insurance carriers had notice of the institution of this action. They do not claim to the contrary, nor do they argue that they will be prejudiced by having to defend at this point. The Court has no doubt that these liability insurance carriers have been defending this action from the inception.  The insurance companies have known that, but for the fact that at the time she filed her complaint Jones did not know who provided liability coverage to St. Bernards Healthcare, she would have named them as defendants in the action.
>
>> The issue of whether an amended complaint identifying a defendant by name will "relate back" to a previously filed complaint against a "John Doe" defendant has typically arisen in the context of statute of limitations issues.  Such an amendment ordinarily will not be treated as relating back to the prior pleading, unless certain conditions set forth in Fed.R.Civ.P. 15(c) are satisfied.  See, e.g., *Barrow v. Wethersfield*, 66 F.3d 466, 467 (2d Cir.1995) ("We have stated that '[i]t is familiar law that "John Doe" pleadings cannot be used to circumvent statutes of limitations because replacing a "John Doe" with a named party in effect constitutes a change in the party sued.' Thus, '[s]uch an amendment may only be accomplished when all of the specifications of Fed.R.Civ.P. 15(c) are met.' ") (citations omitted); *see generally* Steven S. Sparling, Note, *Relation Back of "John Doe" Complaints in Federal Court: What You Know Can*

3

*Hurt You*, 19 Cardozo L.Rev. 1235 (1997).

*Foulk v. Charrier*, 262 F.3d 687, 696 (8th Cir. 2001).  Here, however, the John Doe pleading was not a means of circumventing the statutes of limitations.  The Arkansas statutes provide for the use of John Doe pleadings when the identity of a tortfeasor is unknown.  Ark.Code Ann. § 16-56-125 provides:

> (a) For the purposes of tolling the statute of limitations, any person, firm, or corporation may file a complaint stating his or her cause of action in the appropriate court of this state, whenever the identity of the tortfeasor is unknown.
>
> (b)(1) The name of the unknown tortfeasor shall be designated by the pseudo-name John Doe or, if there is more than one (1) tortfeasor, John Doe 1, John Doe 2, John Doe 3, etc.
>
> (2) Upon determining the identity of the tortfeasor, the complaint shall be amended by substituting the real name for the pseudo-name.
>
> (c) It shall be necessary for the plaintiff or plaintiff's attorney to file with the complaint an affidavit that the identity of the tortfeasor is unknown before this section shall apply.

It would defeat the purpose of Ark.Code Ann. § 16-56-125 not to allow an amendment substituting the real name of a tortfeasor for "John Doe."  That statute provides that limitations are tolled if an unknown tortfeasor is identified as "John Doe" and the plaintiff so states in an affidavit, as was done here.  The Arkansas Supreme Court has twice said that such a pleading still must meet the requirements of Rule 15(c) of the Arkansas Rules of Civil Procedure, the relevant portion of which is identical to Rule 15(c) of the Federal Rules of Civil Procedure.  *See Stephens v. Petrino*, 350 Ark. 268, 276, 86 S.W.3d 836, 841 (2002);  *Harvill v. Community Methodist Hosp. Ass'n*, 302 Ark. 39, 46, 786 S.W.2d 577, 581 (1990).  *Stephens* followed *Harvill* on this point, and *Harvill* cited *Williams v. Avis Transport of Canada, Ltd.*, 57 F.R.D. 53 (D. Nev.1972).  The decision in *Williams* on this issue was based on the fact that no federal statute or rule provides for fictitious parties.  *Id.* at 56.  Here, however, the Arkansas statutes of limitations govern, and one of those statutes expressly provides that limitations may be tolled by naming an unknown tortfeasor as "John Doe" and then later substituting the real name for the fictitious name.  Ark.Code Ann. § 16-56-125 (Repl. 2005).  In both *Stephens* and *Harvill*, the crucial fact seemed to be that the plaintiff had made a strategic decision not to pursue the defendant that later was sought to be substituted for "John Doe." *Stephens*, 350 Ark. at 278, 86 S.W.3d at 842; *Harvill*, 302 Ark. at 45, 786 S.W.2d at 581. Neither section 16-56-125 nor Rule 15(c) is designed to protect a plaintiff from the bar of limitations when the plaintiff has made a strategic decision not to pursue the defendant until after the period of limitations has expired.  The results in *Stephens* and

> *Harvill* are consistent with the purpose of section 16-56-125, which is designed to protect a plaintiff from the bar of limitations when he does not know the name of the tortfeasor, and they are consistent with Rule 15(c)(3), which is designed to protect a plaintiff from the bar of limitations when a plaintiff thinks he knows the name of the tortfeasor but is mistaken. What the Supreme Court of Arkansas appears to be saying in *Stephens* and *Harvill* is that even when a plaintiff names "John Doe" as a defendant, an amendment will relate back only if (1) the claim or defense asserted in the amended pleading arose out of the occurrence in the original pleading; (2) the amendment changes the party or the naming of the party against whom a claim is asserted; and (3) within the time for service of the summons and complaint the party to be brought in by amendment (A) has received such notice of the institution of the action so as not to be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for the plaintiff's ignorance of his identity, the action would have been brought against him.  The court cannot have meant to say that the "but for a mistake" requirement must be met for a "John Doe" pleading to relate back because a plaintiff who follows section 16-56-125 is not mistaken-while he does not know the name of the tortfeasor, he is not mistaken because he knows that he does not know.  Applying the "but for a mistake" requirement to John Doe pleadings filed pursuant to section 16-56-125 would have the effect of nullifying that statute.
>
> *Jones v. Young,* 2007 WL 2695621, 4 -5  (E.D. Ark. 2007).

As the Separate Defendants point out, the majority of circuits weigh in on the side of the Separate Defendants on this issue.  These circuits consider Rule 15(c)(1)(C)(ii) to require an actual "mistake" i.e., mistaken identity of a party, by the plaintiff.  The Eighth Circuit, however, has not ruled on this issue and this Court is persuaded by Judge Holmes' rationale in *Jones*.

Further, Plaintiffs also argue that their claims against the Separate Defendants include contract actions and negligent hiring and/or supervision actions .  The statute of limitations on contract actions in Arkansas is five (5) years.  Ark. Code Ann. § 16-56-111(2005).  The statute of limitations for negligent hiring and/or supervision is three (3) years.  Ark. Code Ann. § 16-56-105(2005); *see also Howard v. Ozark Guidance Center*, 930 S.W.2d 341 (Ark. 1996).  Therefore, the contract actions and negligent hiring and/or supervision actions against the Separate Defendants are timely.

5

For these reasons, the Motion to Dismiss of the Separate Defendants (Docket # 99) is DENIED.

IT IS SO ORDERED this 22nd day of September 2008.

_____
James M. Moody
United States District Judge